# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE WRIGHT JORDAN,<br><br>                                     Petitioner,<br>vs.<br>J. MARSHALL, Warden,<br><br>                                     Respondent. | CASE NO. 07 CV 0635 JM (RBB)<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

      Petitioner filed a § 2254 habeas petition on April 9, 2007, and a supplemental petition on May 15, 2007. Petitioner challenges the sufficiency of the evidence supporting the jury's finding that he personally used a firearm during one of the eight second-degree robberies for which he was convicted. Respondent filed a response on June 19, 2007, and Petitioner filed a traverse on July 20, 2007.

      On November 14, 2007, Magistrate Judge Ruben B. Brooks issued a Report and Recommendation ("R&R") recommending that the court deny Petitioner's § 2254 petition. Petitioner filed no objections.

      Having carefully considered the thorough and thoughtful R&R, the record before the court, the absence of any objections to the R&R, and the applicable authorities, the court wholly adopts the R&R.[1]

---

[1] The court notes that Petitioner requested an evidentiary hearing in his supplemental habeas petition. (Supp. Pet. at 18.) The R&R concluded that Petitioner's request for an evidentiary hearing was unsupported. (See R&R at 15.) Under 28 U.S.C. § 2254(e)(2), where a petitioner "has failed to develop the factual basis of a claim in State court proceedings," the petitioner can only receive an

1       In sum, the R&R is hereby adopted in full and the petition for writ of habeas corpus is **DENIED** and the action is **DISMISSED** with prejudice.

      **IT IS SO ORDERED.**

DATED: January 30, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:       All parties

---

evidentiary hearing upon a showing that (A) the claim relies on a new rule of constitutional law or facts "that could not have been previously discovered through the exercise of due diligence," and (B) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). The court agrees with the R&R and finds that Petitioner has failed to satisfy any of § 2254(e)(2)'s requirements for an evidentiary hearing.